IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARSHAD AL-SABUR, <br><br> Plaintiff, <br><br> v. <br><br> ADS ALLIANCE DATA SYSTEMS, INC., <br><br> Defendant. | Case No. 2:18-cv-957 <br><br> JUDGE GEORGE C. SMITH <br><br> MAGISTRATE JUDGE CHELSEY M. VASCURA |

**DEFENDANT ADS ALLIANCE DATA SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Defendant ADS Alliance Data Systems, Inc. ("ADS" or "Defendant"), by and through its counsel, and for its Answer to Plaintiff's Collective and Class Action Complaint for Violations of the Fair Labor Standards Act and Ohio Law ("Plaintiff's Complaint"), hereby states as follows:

The unnumbered paragraph on Page 1 of the Complaint does not state a claim to which a responsive pleading is required.

1. Paragraph 1 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that this Court has jurisdiction over the claims of individual plaintiff Arshad Al-Sabur.

2. Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over the claims of individual plaintiff Arshad Al-Sabur.

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this Court with respect to the claims of plaintiff Arshad Al-Sabur.

4. Defendant admits, based upon information and belief only, the allegations in Paragraph 4 of the Complaint.

5. Defendant admits only that plaintiff Arshad Al-Sabur worked for Defendant from July 2015 until August 2017 as alleged in Paragraph 5 of the Complaint. The remaining allegations state legal conclusions to which no response is required.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits only that individual plaintiff Arshad Al-Sabur has filed a lawsuit pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA") as alleged in Paragraph 7 of the Complaint. To the extent the allegations in Paragraph 7 state a legal conclusion, no response is required.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint only as to plaintiff Arshad Al-Sabur. Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 11 and therefore denies the same.

12. Defendant admits the allegations in Paragraph 12 of the Complaint only as to plaintiff Arshad Al-Sabur. Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 12 and therefore denies the same.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in Paragraph 14 of the Complaint.

15. For its response to Paragraph 15 of the Complaint, Defendant restates all assertions, admissions, and denials stated in response to Paragraphs 1-14.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant admits only that it pays employees wages in compliance with federal and state law and paid plaintiff Arshad Al-Sabur an hourly wage during his employment and otherwise the denies the allegations in Paragraph 17 of the Complaint.

18. Defendant admits only that it pays employees wages in compliance with federal and state law and that it pays some of its employees shift differentials and/or performance incentives and otherwise the denies the allegations in Paragraph 18 of the Complaint.

19. Defendant admits only that it pays employees wages in compliance with federal and state law and otherwise the denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant admits the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant acknowledges that plaintiff attempts to pursue aggregate litigation but denies that Section 16(b) of the FLSA permits representative actions. To the extent Paragraph 28 of the Complaint states a legal conclusion, no response is required.

29. Paragraph 29 of the Complaint states a legal conclusion to which no response is required.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies that the proposed class definition would be appropriate.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Paragraph 35 states a legal conclusion to which no response is required.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

## ANSWER TO COUNT I

46. For its response to Paragraph 46 of the Complaint, Defendant restates all assertions, admissions, and denials stated in response to Paragraphs 1-45.

47. Defendant acknowledges that plaintiff attempts to pursue aggregate litigation but denies that Section 16(b) of the FLSA permits representative actions. To the extent Paragraph 47 of the Complaint states a legal conclusion, no response is required.

48. Defendant admits only that it employed individual plaintiff Arshad Al-Sabur as alleged in Paragraph 48 of the Complaint and denies the remaining allegations.

49. Defendant admits the allegations in Paragraph 49 of the Complaint only insofar as they pertain to individual plaintiff Arshad Al-Sabur and denies the remaining allegations.

50. Defendant denies the allegations of Paragraph 50 of the Complaint.

51. Paragraph 51 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies that Paragraph 51 is an accurate summary of the Fair Labor Standards Act and/or its regulations.

52. Paragraph 52 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies that Paragraph 52 is an accurate summary of the Fair Labor Standards Act and/or its regulations.

53. Paragraph 53 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies that Paragraph 53 is an accurate summary of the Fair Labor Standards Act and/or its regulations.

54. Defendant admits the allegations in Paragraph 54 of the Complaint only insofar as they pertain to plaintiff Arshad Al-Sabur and denies the remaining allegations.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant admits the allegations in Paragraph 56 of the Complaint only insofar as they pertain to plaintiff Arshad Al-Sabur and denies the remaining allegations.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

## ANSWER TO COUNT II

61. For its response to Paragraph 61 of the Complaint, Defendant restates all assertions, admissions, and denials stated in response to Paragraphs 1-60.

62. Paragraph 62 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies that Paragraph 62 is an accurate summary of the Fair Labor Standards Act and/or its regulations.

63. Paragraph 63 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies that Paragraph 63 is an accurate summary of the Fair Labor Standards Act and/or its regulations.

64. Paragraph 64 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies that Paragraph 64 is an accurate summary of the Fair Labor Standards Act and/or its regulations.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant admits the allegations in Paragraph 67 of the Complaint only insofar as they pertain to plaintiff Arshad Al-Sabur and denies the remaining allegations.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant admits the allegations in Paragraph 69 of the Complaint only insofar as they pertain to plaintiff Arshad Al-Sabur and denies the remaining allegations.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

## ANSWER TO COUNT III

72. For its response to Paragraph 72 of the Complaint, Defendant restates all assertions, admissions, and denials stated in response to Paragraphs 1-71.

73. Defendant admits the allegations in Paragraph 73 of the Complaint only insofar as they pertain to plaintiff Arshad Al-Sabur and denies the remaining allegations.

74. Defendant admits the allegations in Paragraph 74 of the Complaint only insofar as they pertain to plaintiff Arshad Al-Sabur and denies the remaining allegations.

75. Paragraph 75 states legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant denies that Paragraph 75 accurately summarizes Ohio law.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies that plaintiff and/or plaintiffs are entitled to any of the relief sought in the "Wherefore" clause, including subparagraphs A-N, immediately following Paragraph 79 of the Complaint.

81. Defendant denies each and every allegation of the Complaint not heretofore admitted in this Answer.

## FIRST DEFENSE

82. Plaintiff fails, in whole or in part, to state a claim upon which relief may be granted against defense.

**SECOND DEFENSE**

83. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) or other periods of limitation.

**THIRD DEFENSE**

84. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver and/or unclean hands.

**FOURTH DEFENSE**

85. Plaintiff's claims are barred, in whole or in part, because he lacks standing to pursue those claims.

**FIFTH DEFENSE**

86. Defendant has at all times attempted, in good faith, to comply with the provisions of the FLSA and all similar state laws, and had reasonable grounds for believing it was in compliance.

**SIXTH DEFENSE**

87. Defendant acted in conformity with and in reliance on written administrative regulations, orders, rulings, practices, interpretations and/or enforcement policies of the Wage and Hour Division of the U.S. Department of Labor.

**SEVENTH DEFENSE**

88. No act or omission of Defendant which is alleged to violate the FLSA or similar laws was willful, knowing or in reckless disregard for the provisions of the law, and plaintiff is not entitled to penalty, multiplication of or addition to damages (including liquidated damages), or extension of any statute of limitations period.

**EIGHTH DEFENSE**

89. In calculating overtime liability (if any), Defendant is entitled to an exclusion of all elements of plaintiff's compensation that are excludable from an employee's regulate rate under federal or state law for purposes of calculating overtime.

**NINTH DEFENSE**

90. Defendant is entitle to a credit against any overtime owed (if any) to plaintiffs for any amounts permitted under federal or state law to be credited toward an employer's overtime liability.

**TENTH DEFENSE**

91. The claims of plaintiff fail in whole or in part under the de minimus doctrine and/or because the damages (if any) associated with such claims are too speculative to be permitted.

**ELEVENTH DEFENSE**

92. Some or all of the claims of plaintiff are barred because they received all payments to which they were entitled.

**TWELFTH DEFENSE**

93. Defendant reserves the right to assert additional defenses in accordance with law and to seek attorneys' fees and costs under any applicable statute. Defendant further reserves the right to assert any and all affirmative defenses that may develop during the course of this matter, via discovery or otherwise.

WHEREFORE, for the foregoing reasons, Defendant ADS respectfully requests that this Honorable Court dismiss plaintiff's Complaint and award Defendant its reasonable costs and attorneys' fees and such other relief as the court deems just and equitable.

Respectfully submitted,

*/s/ Gilbert P. Brosky*
Gregory V. Mersol (0030838)
Gilbert P. Brosky (0079855)
Dustin M. Dow (0089599)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio  44114
216.621.0200 (telephone)
216.696.0740 (fax)
gmersol@bakerlaw.com
gbrosky@bakerlaw.com
ddow@bakerlaw.com

*Attorneys for Defendant ADS Alliance Data Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2018, a true and correct copy of the foregoing was filed electronically and via the ECF system and is available for viewing by all parties.

>*/s/ Gilbert P. Brosky*
>*One of the Attorneys for Defendant*