## EXHIBIT A

## JOINT STIPULATION
## OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Southern District of Ohio, Eastern Division, Hon. George C. Smith, U.S. District Judge, presiding ("District Court"), Plaintiff Arshad Al-Sabur, individually and on behalf of the Class Members, and Defendant ADS Alliance Data Systems, Inc. ("Alliance Data"), agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Southern District of Ohio, Eastern Division entitled *Arshad Al-Sabur v. ADS Alliance Data Systems, Inc.*, Case No. 2:18-cv-957.

2. "Complaint" shall mean the Complaint Plaintiff filed in the Action on August 27, 2018.

3. "Representative Plaintiff" or "Plaintiff" shall mean Arshad Al-Sabur.

4. "Defendant" or "Alliance Data" shall mean ADS Alliance Data Systems, Inc. and all of its former, current and respective officers, directors, agents, employees, as well as its parents, predecessors, successors, subsidiaries, and related and affiliated entities, including each of their respective former and current officers, directors, agents, and employees.

5. "Class Members" shall consist of Representative Plaintiff, the Existing Opt-In Plaintiffs and all of the "Eligible Settlement Participants" who execute and return Consent and Release Forms as described below.

6. "Additional Remuneration" shall mean and include shift differentials for working certain hours, nondiscretionary bonus payments or performance incentives, and other allegedly nondiscretionary bonus payments.

7. "Eligible Settlement Participants" consist of the employees identified in Appendix 1 as "Eligible Settlement Participants" who have not already joined the case, and who are current and former employees of Defendant Alliance Data in its Alliance Data Card Services line of business who received a base hourly wage and Additional Remuneration during any workweek that they worked over 40 hours in any workweek between October 22, 2015 and May 24, 2019.

8. "Parties" shall mean the Representative Plaintiff and Defendant, and "Party" shall mean any one of the Parties.

9. "Class Counsel" are Shannon M. Draher and Hans A. Nilges of Nilges Draher LLC, Matthew J.P. Coffman of Coffman Legal, LLC, and Daniel I. Bryant of Bryant Legal, LLC.

"Defendant's Counsel" are Gregory V. Mersol, Gilbert P. Brosky and Dustin M. Dow of Baker & Hostetler LLP.

10. "Settlement" or "Agreement" shall mean this Joint Stipulation of Settlement and Release.

11. "Third-Party Administrator" shall mean CPT Group or another third party administrator on which the parties may subsequently agree.

12. "Opt-In Party Plaintiffs" shall mean the Class Members who have filed a Consent to Join in this Action.

## RECITALS

13. On August 27, 2018, Representative Plaintiff Arshad Al-Sabur commenced the Action on behalf of himself and all others similarly situated to him with respect to the claims he asserted.

14. In the Action, Plaintiff alleged that Defendant unlawfully excluded Additional Remuneration payments in determining the regular rates for overtime compensation paid to Plaintiff and other employees for hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Wage Act, R.C. § 4111.03.

15. Defendant denied liability and disputes the damages asserted by Plaintiff.

16. Plaintiff believes that the Action is meritorious based on alleged violations of the FLSA, and that the Action is appropriate for collective treatment. Defendant denies the merits of the Action.

17. Between October 2018 and April 2019, the Parties engaged in informal yet comprehensive discovery regarding Plaintiff's claims and Defendant's defenses to such claims.

18. On April 28, 2019, the Parties reached an agreement to settle the Action on the terms set forth in this Settlement Agreement.

19. It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims (as defined in Paragraph 30 of the Agreement) for the Release Period (as defined in paragraph 31 of the Agreement).

20. Class Counsel represents that they have conducted a thorough investigation into the facts of this Action, and have diligently pursued an investigation of Plaintiff's claims against Defendant, including researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Class Members in light of all

known facts and circumstances, including the risk of significant delay and Defendant's defenses. Defendant agrees that the Settlement is fair, adequate and reasonable.

21. This Settlement represents a compromise of disputed claims.  Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiff's claims in the Action have merit or that Defendant has liability to Plaintiff on all of those claims.

## SETTLEMENT PAYMENTS

22. **Total Eligible Settlement Amount:** The Total Eligible Settlement Amount is $525,000.00, which sum will cover: (a) all of the potential Individual Payments (as defined in paragraph 23 of the Agreement) to the Class Members, including a Class Representative Payment (as defined in paragraph 28 of the Agreement) to Representative Plaintiff Arshad Al-Sabur and an Incentive Payment (as defined in paragraph 28 of the Agreement) to plaintiff Anthony Qualls; and (b) Class Counsel's attorney's fees and expenses.  In no event will Alliance Data's liability under this agreement exceed the Total Eligible Settlement Amount.  Alliance Data, however, agrees to pay for the cost of the third party administrator separate from the Total Eligible Settlement Amount.

23. **Settlement Payments to Class Members:** $330,204.25 of the Total Eligible Settlement Amount will be divided into individual payments to the Class Members ("Individual Payments").

24. **Calculation of Individual Payments:** The Individual Payments were calculated by Class Counsel's data analyst and approved by Class Counsel, and are based individually on Representative Plaintiff's and each Eligible Settlement Participant's alleged overtime damages during the Calculation Period.  The Individual Payments are provided in Appendix 1.

25. **Calculation Period:** The Calculation Period for the Class Members shall mean the period between October 22, 2015 and May 24, 2019, 2019.

26. **Retention of Individual Payments:** Any Individual Payments designated to Eligible Settlement Participants who do not execute and return Consent and Release Forms (attached as Exhibit B to the Parties' Joint Motion for Approval of Settlement) will be returned to Defendant.

27. **Treatment of Individual Payments:** The Class Member's Individual Payment will be treated as payment for wages, and Defendant will issue to each Class Member an IRS Form W-2 for all amounts paid as wages under this Settlement.  Defendant will determine the proper tax withholding amounts on the wage payments in accordance with each Class Member's previously elected wage withholding instructions, and Defendant is responsible for payment of the employer's share of payroll taxes required by law.

28. **Class Representative And Incentive Payment:** $12,500.00 of the Total Eligible Settlement Amount will be paid to Representative Plaintiff Arshad Al-Sabur (the "Class Representative Payment"), in addition to his Individual Payment, in exchange for signing and adhering to the terms of a general release of all claims against Defendant, including all pending

claims (proposed and attached as Exhibit C to the Parties' Joint Motion For Approval of Settlement).  Defendant will issue to Representative Plaintiff a Form 1099- Misc., in Box 3, with respect to the Class Representative Payment.  The Class Representative payment is conditioned in part on Representative Plaintiff providing Defendant's counsel with a completed W-9 form. $2,500.00 of the Total Eligible Settlement Amount will also be paid to opt-in plaintiff Anthony Qualls, in addition to his Individual Payment, as an incentive payment in exchange for the assistance he provided to Class Counsel during the Action (the "Incentive Payment").  Defendant will also issue a Form 1099 Misc., in Box 3, with respect to the Incentive Payment.  The Incentive Payment is conditioned in part on Anthony Qualls providing Defendant's counsel with a completed W-9 form.

29. **Class Counsel's Attorney's Fees and Expenses:** Class Counsel will request, and Defendant will not oppose, that one third of the Total Eligible Settlement Amount ($175,000) be paid to Class Counsel for attorney's fees expenses.  Class Counsel will also request, and Defendant will not oppose, that they be paid their expenses (which are currently estimated at $4,795.75) incurred in the Action from the Total Eligible Settlement Amount.  If approved by the Court, Defendant will distribute attorney's fees and expenses to Class Counsel as follows: 1.  one check in the amount $91,878.75 payable to Nilges Draher, LLC; and (2) one check in the amount of $87.917.00 payable to Coffman Legal, LLC.  Defendant may issue a Form 1099-Misc. to Nilges Draher, LLC, Coffman Legal, LLC and Representative Plaintiff for these payments.

## RELEASE OF CLAIMS

30. **Released Claims:** The Class Members will release the Released Parties from all federal, state and local wage-and-hour claims, rights, demands, liabilities and causes of action asserted in the Action, and pertaining to Defendant's exclusion of Additional Remunerations from the payment of overtime, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorney's fees, and expenses, pursuant to the Fair Labor Standards Act, Ohio Minimum Fair Wage Standards Act, and Ohio's Prompt Payment Act for the Released Period ("Released Claims").  The Class Members do not release any claims other than those relating to the exclusion of Additional Remunerations from the payment of overtime, except that Representative Plaintiff Al-Sabur has agreed to release claims as set forth in a separate General Settlement and Release Agreement.

31. **Released Period:** The Released Period for the Class Members shall mean the period between October 22, 2015 and the date the District Court enters final approval.

32. **Release of Attorney's Fees and Expenses:** The payment of attorney's fees and expenses to Class Counsel includes all of the attorney's fees and expenses incurred to date and to be incurred in documenting and administering the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action.  In consideration for these attorney's fees and expenses, Class Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.

## APPROVAL AND DISMISSAL OF THE ACTION

33. **Cooperation:** The Parties will agree to cooperate and take all steps necessary and appropriate to obtain approval of the Settlement by the District Court, to effectuate its terms, and to dismiss the Action with prejudice.

34. **Fair, Adequate and Reasonable Settlement:** The Parties will agree that the Settlement is fair, adequate, and reasonable, and will so represent to the District Court.

35. **Joint Motion for Approval of Settlement:** On or before July 12, 2019, the Parties will jointly move the District Court for entry of an order, proposed and attached as Exhibit D to the Parties' Joint Motion For Approval of Settlement, granting final approval of the Settlement, approving the form, content, and method of distribution of the notice to Eligible Settlement Participants, approving the amounts payable to Class Members and Class Counsel, and entering judgment dismissing the Action with prejudice.

36. **Dismissal With Prejudice of the Action:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice and final judgment shall be entered.

## SETTLEMENT ADMINISTRATION

37. **Third-Party Administrator And Employer's Share Of Payroll Taxes:** Defendant will retain, at its expense, Third-Party Administer to, among other things, distribute notice and release forms, monitor which Class Members return them, and ultimately process and distribute Settlement Payments. The cost for Third-Party Administrator will not be deducted from the Total Eligible Settlement Amount. Defendant will also pay any required employer's share of payroll taxes with respect to the Settlement to Class Members, which will not be deducted from the Total Eligible Settlement Amount.

38. **Distribution of Notice and Consent and Release Forms:** Third-Party Administrator will distribute the Notice and Consent and Release Forms to the Eligible Settlement Participants via First-Class Mail within 25 business days after the District Court grants final approval of the Settlement. If any notices are returned as undeliverable, Third-Party Administrator will make reasonable efforts to locate the Class Members and re-send the Notices.

39. **Consent Period and Return of Consent and Release Forms:** In order to receive a payment under this Settlement, the Eligible Settlement Participants must properly sign and return the Consent and Release Form attached as Exhibit B to the Parties' Joint Motion for Approval of Settlement. The Eligible Settlement Participants must return Consent and Release Forms to Third-Party Administrator within 60 days after the mailing of the notice. The Consent and Release Forms must be signed electronically (eSigned) via PDF, postmarked, faxed or emailed to Third-Party Administrator within the 60 day period to be timely.

40. **Filing of List Of Opt-In Party Plaintiffs:** Within 10 business days after the consent period is completed, Class Counsel will file with the Court a list of Opt-In Party Plaintiffs (after conferring with Defendant's counsel) that identifies all the Opt-In Party Plaintiffs who submitted Consent and Release forms and are thus bound by the Agreement.

41. **Filing of Schedule of Individual Payments:** A Schedule of Individual Payments to the Class Members who have returned Consent and Release forms, calculated pursuant to paragraph 24, shall be filed with the Court by Class Counsel within 10 business days after the consent period is completed.  This Schedule may be filed as part of the List Of Opt-In Party Plaintiffs as set forth in Paragraph 40.

42. **Effect of Failure to Grant Judgment and Approval:** In the event the Court fails to enter an order and judgment or that such order and judgment fails to become final, the Action will resume unless the Parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying entry of judgment; or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.  In the event any reconsideration and/or appellate review is denied, or a mutually agreed upon settlement is not approved, the Action will proceed as if no settlement has been attempted.

43. **Distribution of Individual Payments to Class Members:** Third-Party Settlement Administrator will issue the Individual Payment checks payable to the Class Members within 21 business days of the filing of the Schedule of Individual Payments with the Court as set forth in paragraph 41 of this Agreement.  Defendant will provide Third-Party Administrator sufficient funds to pay all Individual Payments to class members no later than 14 business days after the Consent Period is complete.  If any Individual Payment checks are returned as undeliverable, Third-Party Administrator will make reasonable efforts to locate the Plaintiffs and redeliver the checks.

44. **Distribution of Payments to Class Counsel:** Defendant will issue the checks payable to Class Counsel for the attorney's fees and costs, the Incentive Payment and the Class Representative Payment within 21 business days after the Court enters an order approving the Settlement, provided that Class Counsel has provided Defendant's counsel with completed W-9 forms for each of Nilges Draher, LLC and Coffman Legal, LLC.  However, Defendant's issuance of the Representative Payment will be contingent on Plaintiff having fully fulfilled his requirements under the terms of his General Settlement and Release Agreement (attached as Exhibit C).

45. **Unclaimed Payments:** All Individual Payments shall remain negotiable for a 6-month period after the date of distribution.  Any unclaimed funds and any amounts not cashed after 6 months of distribution of the settlement checks shall be returned to Defendant by the Third-Party Administrator.

46. **Late Consent and Release Forms:** In the event Eligible Settlement Participants eSign, postmark, fax or email their Consent and Release forms after the 60-day consent period, Defendant will decide, in its sole discretion and within seven business days of receiving notice from Third-Party Administrator, whether to allow the late Eligible Settlement Participants to become Opt-In Party Plaintiffs and participate in the Settlement.  If Defendant decides to allow the late Eligible Settlement Participants to become Opt-In Party Plaintiffs and participate in the Settlement, Class Counsel shall immediately file their Consent and Release forms with the Court, causing them to be bound by the Settlement and their claims to thereby be dismissed with prejudice.  Third-Party Settlement Administrator will mail the appropriate Settlement Payments

directly to them within the later of the time period set forth in paragraph 43 of the Agreement, or 14 days after their Consent and Release forms are filed with the Court.

## PARTIES' AUTHORITY

47. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

48. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

49. The Parties and Class Counsel represent, covenant and warrant that they have not, directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber, to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION OF LIABILITY

50. Nothing contained in this Settlement shall constitute or be construed or deemed as an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability.  Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## NO ADMISSION OF CLASS LIABILITY

51. The Parties agree that this Agreement does not constitute, shall not be construed to be, and shall not be cited in or be admissible in any proceeding as evidence of a determination or admission that any group of similarly-situated employees exists to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure or under any state or local law.

## CONSTRUCTION

52. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

53. This Agreement may not be changed, altered or modified, except in writing, signed by counsel for the Parties, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties. Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Agreement.

## INTEGRATION CLAUSE

54. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating specifically to the resolution of the Action, are merged in this Settlement. No rights under this Settlement may be waived except in writing signed by the Parties.

## BINDING ON ASSIGNS

55. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

56. This Settlement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

57. If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorney's fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

58. The parties will request that the Court expressly retain jurisdiction to enforce the terms of the Settlement, including the notice administration, addition of Opt-In Party Plaintiffs and distribution process.

## CLASS SIGNATORIES

59. Representative Plaintiff executes this Settlement on behalf of himself and in his representative capacity on behalf of the Class Members. It is agreed that it is burdensome to have

8

all of the Class Members execute this Agreement. This Agreement shall have the same force and effect as if each Class Member executed this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: _____  ARSHAD AL-SABUR

_____
Representative Plaintiff, Individually
and on Behalf of the Class Members

Dated: _____  ADS ALLIANCE DATA SYSTEMS, INC.

_____

By:_____

Its:_____

Dated: _____  SHANNON DRAHER
HANS DRAHER LLC

_____
Class Counsel

Dated: _____  DANIEL I. BRYANT
BRYANT LEGAL, LLC

_____
Class Counsel

Dated: _____  MATTHEW J.P. COFFMAN
COFFMAN LEGAL, LLC

_____
Class Counsel

Dated: _____  GREGORY V. MERSOL
BAKER & HOSTETLER LLP

_____
Defendant's Counsel