## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **ARSHAAD AL-SABUR, on behalf of himself and others similarly situated,** )<br><br>) | |
| | ) |
| **Plaintiff,** ) | **CASE NO. 2:18-cv-957** |
| ) | **JUDGE GEORGE C. SMITH** |
| **vs.** ) | **MAGISTRATE JUDGE VASCURA** |
| ) | |
| **ADS ALLIANCE DATA SYSTEMS, INC.** ) | |
| ) | **ORDER OF DISMISSAL AND** |
| **Defendant.** ) | **APPROVING SETTLEMENT** |

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit A.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declarations of Shannon Draher and Matthew J.P. Coffman, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approving Settlement, the Agreement and its Exhibits, the proposed Notice, the proposed Consent and Release Form, the General Release Agreement of Arshad Al-Sabur, the proposed allocation and calculation of Individual Payments, the proposed Service Award to the Representative Plaintiff Al-Sabur and Opt-In Plaintiff Qualls, and the proposed attorney's fees and expense reimbursements to Class Counsel, as follows:

1.      Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Settlement Agreement.

2.      The captioned Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219, on behalf of employees of ADS Alliance Data Systems, Inc. ("ADS") who received a base hourly wage, shift differentials and/or non-discretionary bonuses ("Additional Remuneration") during any workweek that they worked over 40 hours.

3.      On August 27, 2018, Representative Plaintiff Arshad Al-Sabur filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendant unlawfully excluded Additional Remuneration payments in determining the regular rates for overtime compensation paid to Plaintiff and other employees for hours they worked over 40 each workweek, in violation of the FLSA, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy alleged violations of the Ohio Wage Act, R.C. § 4111.03.  Opt-In Plaintiff Anthony Qualls joined this case on the same day that the Complaint was filed.

4.      Defendant denies any liability or wrongdoing of any kind.

5.      On October 22, 2018, the parties filed a joint motion to conditionally certify the case as a collective action under § 216(b) on behalf of Plaintiff and others similarly situated, defined as:

> All current and former hourly, non-exempt employees of Defendant in its Alliance
> Data Cards Services line of business, who received a Base Hourly Wage and
> Additional Remuneration1 during any workweek that they worked over 40 hours
> in any workweek beginning three years preceding the filing date of this stipulation
> and proposed order and continuing through the date of final disposition of this case
> (the "§ 216(b) Collective Class" or the "§ 216(b) Collective Class Members").

6.      On October 23, 2018, this Court granted the parties' joint motion to conditionally certify the case as defined above.

2

7.     The Parties engaged in informal discovery over the course of several months.

8.     After the Parties completed sufficient discovery, they engaged in arms' length negotiations.

9.     The Parties reached the proposed settlement in this matter after extensive discovery, debate, discussions, correspondence, and good faith bargaining.

10.     The Settlement will cover Representative Plaintiff, all current opt-in plaintiffs, and all of the Eligible Settlement Participants identified in Appendix 1 of the Settlement who elect to participate in the Settlement by signing and returning Consent and Release Forms ("Class Members").

11.     To receive an Individual Payment, the Eligible Settlement Participants must sign and return the Consent and Release Form attached as Exhibit B to the Parties' Joint Motion for Approval of Settlement.  The Eligible Settlement Participants may return Consent and Release Forms to the Third-Party Administrator within 60 days after the mailing of the notice.  The Consent and Release Forms must be signed electronically (eSigned) via PDF, postmarked, faxed or emailed to the Third-Party Administrator within the 60 day period to be timely.

12.     The Settlement Agreement provides that, in consideration of the Total Eligible Settlement Payment, the claims of the Representative Plaintiff and Eligible Settlement Participants who elect to participate in the Settlement by signing and returning Consent and Release Forms are to be released and dismissed with prejudice.

13.     The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation.  Class Counsel has informed the Court that they believe the Settlement is fair,

reasonable, and adequate and in the best interests of the Representative Plaintiff and Eligible Settlement Participants.  The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

14.     The Court approves the Agreement and its Exhibits, including the proposed Notice and the proposed Consent Form, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein.  The Court grants final approval of the Settlement as to the Representative Plaintiff and all Eligible Settlement Participants who elect to participate in the Settlement by signing and returning a Consent and Release Form.

15.     The Court finds that the proposed allocation and calculation of the Individual Payments to Class Members, the Class Representative Payment, and the Incentive Payment are fair and reasonable.  The Court approves the method of calculation and proposed distribution of the Individual Payments.  The Parties have submitted with the Joint Stipulation of Settlement and Release an Appendix providing the names of the Eligible Settlement Participants, and the Individual Payments for the Class Members.  The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

16.     The Court approves the payment of attorneys' fees and expense reimbursements to Class Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

17.     The Court dismisses the claims of the Representative Plaintiff, opt-in plaintiffs and Eligible Settlement Participants who sign and return Consent and Release Forms with prejudice, and enters final judgment dismissing them from the Action.  The Court finds there is no just reason

for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

18.     The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration, addition of Class Members and distribution process.

**IT IS SO ORDERED.**

Date: _____8/5/2019_____          _____

Honorable George C. Smith
United States District Judge

**SO STIPULATED,**

/s/ *Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
NILGES DRAHER LLC
7266 Portage Street, N.W.
Suite D
Massillon, OH 44646
Telephone:     (330) 470-4428
Facsimile:      (330) 754-1430
Email:sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

/s/ *Matthew J.P. Coffman*

Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

/s/ *Gregory V. Mersol*
Gregory V. Mersol (0030838)
Gilbert P. Brosky (0079855)
Dustin M. Dow (0089599)
BAKER & HOSTETLER LLP
Key Tower; 127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
Email: gmersol@bakerlaw.com
          gbrosky@bakerlaw.com
          ddow@bakerlaw.com

*Counsel for Defendant*

5

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*Counsel for Plaintiffs*